**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30262 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00140-TOR-1 |
| v. | |
| SINYO SILKEUTSABAY; LA LY YANG; BOUALONG SILKEUTSABAY; KHAMLAY SILKEUTSABAY, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted August 26, 2019
Seattle, Washington

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

Appellants Sinyo Silkeutsabay, La Ly Yang, and Boualong Silkeutsabay

pled guilty to conspiracy to manufacture 100 or more marijuana plants in violation

of 21 U.S.C. § 846 and Appellant Khamlay Silkeutsabay pled guilty to misprision

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

of a felony in violation of 18 U.S.C. § 4.  All four pled as a defense § 538 of the Consolidated and Further Continuing Appropriations Act of 2015, which forbids the Department of Justice from using congressionally allocated funds to inhibit the implementation of state medical marijuana laws.  Pub. L. No. 113-235, § 538, 128 Stat. 2130, 2217 (hereinafter § 538).  The district court found that because Appellants violated Washington state medical marijuana law, they were not entitled to § 538's protection, and thus their convictions could stand.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  Appellants made various claims about the burden of proof and the availability of common law defenses in this case.  Appellants concede that our decision in *United States v. Evans*, 929 F.3d 1073 (9th Cir. 2019), disposes of each of those issues.

2.  Appellants' sole remaining claim is that § 538 shields them from this prosecution.  To reap § 538's protection, Appellants must establish that they strictly complied with Washington law in operating their medical marijuana dispensaries and farm.  *United States v. McIntosh*, 833 F.3d 1163, 1178 (9th Cir. 2016).  They did not do so.  Washington's 2011 Medical Use of Cannabis Act states a medical marijuana provider may not supply marijuana to more than one patient within a given fifteen-day window.  *See* Wash. Rev. Code § 69.51A.040

2

(2012); *see also id*. § 69.51A.100 (2012).  Appellants admit to having served between ten and thirty patients a day in their dispensaries.  This practice exceeds the statutory limit, in clear violation of Washington law.  Because Appellants failed to strictly follow Washington law, § 538 does not protect them from federal prosecution.  *See McIntosh*, 833 F.3d at 1178.

**AFFIRMED**.